DOMENGEAUX, Judge.
Plaintiff, Hazel R. Brown sued her employer, the defendant, Allen Parish Police Jury under the Fair Labor Standards Act, 29 U.S.C.A. §§ 206 et seq., for past due minimum wages and overtime compensation plus damages and attorney’s fees for her services as caretaker of the Allen Parish Airport. From a judgment awarding $3,750.00 to Mrs. Brown, the Allen Parish Police Jury has appealed, and Mrs. Brown has answered the appeal requesting additional quantum.
FACTS
On September 1, 1977, Mr. Clyde Johnson, an Allen Parish police juror, hired the plaintiff, Mrs. Hazel R. Brown, to be the caretaker of the Allen Parish Airport. Pri- or to the plaintiffs employment, her daughter, Mrs. Jonelliea Brown Buxton, had been the Airport’s caretaker. Mrs. Buxton informed the plaintiff of the caretaker’s required duties which included providing refueling assistance to incoming and outgoing planes, checking the runway for broken lights and/or debris, notifying the parish to cut the grass around the airstrip, periodically patrolling the hangers for trespassers and keeping a general watch over the premises. The uncontradicted testimony of the plaintiff and her daughter indicated that the caretaker, or a replacement, was required to be on the premises twenty-four hours a day, seven days a week, including holidays because the time of incoming and outgoing planes was unpredictable. For living quarters the police jury provided a three-room house on the Airport grounds and paid the monthly electric and water utilities in addition to a monthly salary of $75.00. The caretaker was required to cut the grass surrounding the tenant quarters.
Mrs. Brown estimated that between thirty and forty planes would land every month, at all hours, day or night. She testified that she faithfully performed her *1192 duties as the Airport’s caretaker and only left because of family illness and death for one month in 1982, two weeks in 1983, and eight months in 1984. According to her testimony, Mrs. Brown has continuously worked without a day off since July 8, 1984.
On September 23, 1985, Mrs. Brown filed suit against the Allen Parish Police Jury for unpaid minimum wages and overtime compensation owed as of September 23, 1984, plus an additional amount in damages and reasonable attorney’s fees. As of the date of the trial, Mrs. Brown was still the Airport’s caretaker. Therefore, the plaintiff has sued for wages and compensation from September 23, 1984, until the present, assuming she is still the caretaker, or until she terminated her employment with the parish.
With no accompanying reasons, the Trial Judge rendered a judgment in favor of Mrs. Brown for $3,750.00. This Court cannot ascertain from the judgment the basis or the method the Trial Judge used to determine that $3,750.00 was the proper amount to which the plaintiff was entitled. Therefore, in our review of the correctness of the Trial Court’s judgment, we find it necessary to outline the applicable law and remand this case for further proceedings and a judgment in conformity with the views expressed herein.
APPLICABLE LAW
Mrs. Brown sued for minimum wages and overtime compensation under 29 U.S.C.A. § 206 which provides:
(a) every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
(1) ... and not less than $3.35 an hour after December 1, 1980, ... (emphasis added).
29 U.S.C.A. § 207 provides:
(a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed, (emphasis added).
29 U.S.C.A. § 216(b) provides in part:
Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCA §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. ... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action, (emphasis added).
In Halferty v. Pulse Drug Co. Inc., 821 F.2d 261 (5th Cir.1987), the United States Fifth Circuit Court of Appeal discussed exceptions to the FSLA’s minimum wage requirement. These exceptions appear pertinent to the plaintiff’s employment situation. The Court initially discussed the jur-isprudentially developed “waiting to be engaged” exception. As stated by the Court in Halferty, “ ... when idle time is spent predominantly for the benefit of the employer, not the employee, the employee is engaged to be waiting, not waiting to be engaged, and is entitled to compensation. Conversely, if the time primarily benefits the employee, the employee can be considered to be waiting to be engaged and should only receive compensation for the actual work time ... the resolution of the waiting to be engaged issue involves scrutiny and construction of the agreements between the particular parties. Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944)” at 821 F.2d 269. For additional discussion of this exception see *1193 Brock v. El Paso Natural Gas Company, 826 F.2d 369 (5th Cir.1987); Rousseau v. Teledyne Movible Offshore, Inc., 805 F.2d 1245 (5th Cir.1986).
The Code of Federal Regulations has delineated examples of what employment situations would fall within this jurispruden-tially created exception. One such example is the “homeworkers” exception set forth in 29 CFR 785.23. This provides:
Employees residing on employer’s premises or working at home.
An employee who resides on his employer’s premises on a permanent basis or for extended periods of time is not considered as working at the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is of course difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted. This rule would apply, for example, for the pumper of a stripper well who resides on the premises of his employer and also to a telephone operator who has the switchboard in her own home. (Skelly Oil Co. v. Jackson, 194 Okla. 183, 148 P.2d 182 (Okla.Sup.Ct. 1944); Thompson v. Loring Oil Co., 50 F.Supp. 213 (W.D.La.1943)).
Halferty, supra, also referred to a Department of Labor regulation which offers additional guidance as to the applicability of the homeworkers exception:
Section 785.23 of part 785 is applicable to an “on-call” employee who is required by his employer to remain at his home to receive telephone calls from customers when the Company office is closed. Where an employee performs services for his employer at home and yet has long periods of uninterrupted leisure during which he can engage in the normal activities of living, the Department of Labor will accept any reasonable agreement of the parties for determining the number of hours worked. This agreement should take into account not only the actual time spent in answering the calls but also some allowance for the restriction on the employee’s freedom to engage in personal activities resulting from the duty of answering the telephone. At 821 F.2d 269.
Cases that have applied the homeworker’s exception and/or the “waiting to be engaged” exception have considered employment situations whereby the employee worked a specific number of hours, was paid for these hours at a set rate and then was required to be “on call” for additional potential work. In this case, Mrs. Brown had no specific number of work hours per day. Instead, she was “on call” at all times and only periodically actually worked. While Mrs. Brown testified that she worked on a 24-hour “on call” basis, she also indicated that she was generally free to eat, sleep, entertain and leave the premises as long as a replacement was provided. Yet, despite this high level of personal freedom, she was considerably inconvenienced by the 24-hour job requirement.
After considering the facts of this case in light of the prior jurisprudence and the DOL guidelines, we feel that Mrs. Brown’s employment situation falls within the homeworker’s exception due to her considerable personal freedom while “on call”. As discussed in 29 CFR 785.23, any reasonable agreement of the parties which takes into consideration all of the pertinent facts should be accepted. However, it does not appear that monthly wages of $75.00, living quarters valued at between $60.00 and $120.00 per month and utilities of $40.00 per month were adequate compensation in light of the 24-hour job requirement.
Instead, under these unique circumstances, we feel that fair compensation to Mrs. Brown would include a minimum wage of $3.35 per hour for every hour she actually worked as caretaker of the Airport. This would include any time she spent actually giving assistance on behalf of the Police Jury as part of the Airport services or as a courtesy requested by a Police Juror as *1194 well as her described routine maintenance and inspection of the facility. Also, in accordance with the DOL suggestion, we feel that Mrs. Brown’s compensation should include an additional amount that takes into account the restrictions on her personal freedom caused by the 24-hour job requirement. Hence, we feel that an additional amount of 15% of her estimated actual weekly work time would adequately compensate Mrs. Brown for any inconvenience she experienced.
In his award of compensation to Mrs. Brown, the Trial Judge made no estimate of Mrs. Brown’s actual working hours per week. Also, very little evidence of Mrs. Brown’s actual working hours was adduced at trial. Hence the lack of evidence in the record renders it impossible to make this estimate on appeal. Therefore, it is necessary to remand this case in order to let the Trial Judge adduce further evidence which would enable him to estimate Mrs. Brown’s actual working hours per week. Mrs. Brown is entitled to receive a minimum wage of $3.35 per hour for time she actually worked. If her estimated working hours exceed forty per week, she is entitled to receive one and one-half times $3.35 an hour (or $5.03 an hour) for any hour over forty per week. She shall also receive additional wages of 15% of her estimated work week based on the minimum wage of $3.35 per hour. For example, if Mrs. Brown worked an estimated twenty hours per week, she is to be paid $67.00 (20 X $3.35 an hour) and an additional $10.05 [(.15 x 20) x $3.35] for a weekly wage total of $77.05. If Mrs. Brown worked an estimated forty-five hours per week, she is entitled to $134.00 (40 x $3.35) plus overtime of $25.15 (5 x $5.03) plus $22.61 [ (.15 X 45) X $3.35] for a weekly wage total of $181.76. Of course, any calculation of Mrs. Brown’s wages should be offset by the monthly salary of $75.00, the rental value and the value of the utilities she received during the time period in question.
The award of liquidated damages under 29 U.S.C.A. § 216 is mandatory unless the employer can show that (1) the act or omission giving rise to the violation was in good faith and (2) he had reasonable grounds for believing that his act or omission was not a violation of § 216. Donovan v. United States Postal Service, 530 F.Supp. 894 (D.C.Dist.Col., 1981). We further order the Trial Court to determine the question of damages based on the above standard. Additionally, the plaintiff is to be awarded costs and reasonable attorney fees.
For the foregoing reasons we remand this case to the District Court for further proceedings in accordance with the views expressed herein.
Costs on appeal are to be paid by the defendant.
REMANDED.