DOMENGEAUX, Judge.
Plaintiff, Beverly Cormier, filed this suit for past due wages against her employer, the Acadia Parish School Board. Ms. Cor-mier is currently employed with the School Board as a teacher’s aide and has been so employed since 1978. Between 1981 and 1987, plaintiff’s job duties required that she act as an attendant on a school bus for handicapped students. Plaintiff brought this action seeking reimbursement for her time spent as a bus attendant.
After a bench trial, the district court rejected plaintiff's demands and her suit was dismissed. On appeal, plaintiff contends that the district court improperly denied her the full salary of a bus attendant which she seeks in addition to her salary as *74 an aide. Alternatively, she argues that the district court erred in not granting her past wages in the amount of time and a half for each hour spent as a bus attendant. We find no merit to the plaintiff’s contentions and affirm the judgment of the district court.
The record reveals that plaintiff was employed in 1978 as a teacher’s aide for handicapped students. Until 1981, she used her own car to transport a group of students to school in Crowley from their homes in the Church Point area. Her mileage expenses were reimbursed. After a bus was purchased by the School Board in 1981, plaintiff rode with the students and assumed the duties of a bus attendant during the ride. Another employee was assigned to drive the bus. She received no compensation for this additional work and time until October 10,1984, when she was given additional wages equivalent to two hours a day at her teacher’s aide salary.
Although plaintiff initially sought recovery for six years of past due wages, plaintiff and defendant stipulated at trial that only the three years immediately prior to filing suit on February 17, 1987 were at issue. Plaintiff is therefore precluded from seeking any past due wages which may have accrued prior to February 17, 1984.
This case concerns the elements of the employment agreement between Ms. Cor-mier and the School Board. The record clearly shows that monetary compensation for attending the handicapped bus was not an element of the employment agreement until 1984. At that time, both sides acquiesced in the calculation of the hourly rate that Ms. Cormier would be paid for attending the bus. Ms. Cormier requested, and was then offered, additional wages equivalent to two hours a day at her teacher’s aide salary. She accepted this offer.
The School Board did not renege on its agreement, nor does Ms. Cormier allege same. Ms. Cormier merely wants a greater sum now than the sum she initially agreed to accept.
In Bartlett v. Doctors Hospital of Tioga, 422 So.2d 660 (La.App. 3rd Cir.1982), writ denied, 427 So.2d 869 (La.1983), this court rejected the demands of a hospital technician who sought “call duty” compensation at the rate of $10.00 per hour. We found that call duty compensation was not part of the plaintiff’s contract with his employer, but the duty itself “was a departmental practice shared by all members of the respiratory department.” 422 So.2d at 666. Bartlett was not entitled to the compensation he sought.
Likewise, in the case at bar, compensation for bus attendance was not part of plaintiff's contract but was an integral part of her job as a teacher’s aide. The plaintiff accepted the job as offered, and when she requested additional compensation for her bus attendance duties, such compensation was granted in the amount requested. Plaintiff is not now entitled to any more.
Plaintiff suggests that the case at bar is analogous to our recent decision in Brown v. Allen Parish Police Jury, 526 So.2d 1190 (La.App. 3rd Cir.1988). The plaintiff in Brown brought suit under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., seeking past due minimum wages and overtime compensation. The plaintiff proved that the FLSA was violated, and we remanded the case for a proper calculation of damages. In the case before us today, Ms. Cormier has neither alleged nor proved that the FLSA has been violated, and the record contains nothing to support such a finding. We therefore decline to rely on the FLSA wage and overtime provisions, or the Brown decision, in reaching today’s conclusion.
Because we have found that there was no agreement to pay plaintiff additional wages until October of 1984, we note that plaintiff is not entitled to additional wages for the time period before the agreement went into effect, i.e. February 1984 to October 1984. We know of no authority that would allow us to render the October 1984 agreement retroactive to include the entire three year period for which Ms. Cormier has sought past due wages.
For the above and foregoing reasons, the judgment of the trial court is affirmed and *75 costs of this appeal are assessed to plaintiff.
AFFIRMED.